**IT IS SO ORDERED**
*James Ware*
Judge James Ware

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACTEL DERIVATIVE LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Case No. C-06-05352-JW<br><br>[~~PROPOSED~~] ORDER AND FINAL JUDGMENT |

WHEREAS, Lead Plaintiff's Samir Younan and Frank Brozovich, (collectively the "Plaintiffs") on behalf of themselves and the shareholders of Actel Corporation ("Actel" or the "Company"), Nominal Defendant Actel, John C. East, Henry L. Perret, Esmat Z. Hamdy, Jon A. Anderson, David M. Sugishita, David L. Van De Hey, Barbara L. McArthur, Suzanne Kinner, Michelle A. Begun, Paul V. Indaco, Douglas D. Goodyear, Jeffrey M. Schlageter, Dennis F. Nye, Carl N. Burrow, Robert J. Smith, Fares N. Mubarak, Dennis G. Kish, Anthony Farinaro, Robert G. Spencer and Jacob S. Jacobsson (collectively "Individual Defendants" and together with Actel, the "Defendants" and together with the Plaintiffs, the "Parties"), entered into a Stipulation of Compromise and Settlement (the "Stipulation") dated as of April 21, 2008;

WHEREAS, on April 21, 2008, Plaintiffs to the above-captioned action (the "Action") filed an Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion") seeking Final Approval of the Stipulation and the Settlement contained therein entered into by the Parties on April 21, 2008 and incorporated herein by reference;

WHEREAS, on April 28, 2008, this Court entered an order preliminarily approving the Settlement ("Preliminary Approval Order"), requiring notice be disseminated to current Actel shareholders as provided for in the Stipulation.

WHEREAS, the Preliminary Approval Order set a hearing for June 30, 2008, to determine whether:

      a.    to finally approve the Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Company and Current Actel Stockholders;

      b.    consider an Order and Final Judgment dismissing the Actions with prejudice, with each party to bear its, his or her own costs, and release and enjoin prosecution of any and all claims to be released pursuant to the Stipulation;

      c.    determine whether to approve attorneys' Fees and Expenses, to be funded by Actel or its insurers; and

      d.    hear other such matters as the Court may deem necessary and appropriate.

WHEREAS, notice has been provided to stockholders of Actel in compliance with the Preliminary Approval Order;

WHEREAS, this matter has come before the Court for final approval of the proposed settlement of the Action; and

WHEREAS, the Court has reviewed and considered all documents, evidence, objections (if any) and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therfore, the Court enters this Order and Final Judgment.

NOW, THEREFORE, it is ORDERED, ADJUDGED AND DECREED that:

1. The capitalized terms and definitions employed in the Stipulation are incorporated by reference and adopted herein.

2. The Court has jurisdiction over the subject matter of the Action, over all parties to the Action and over those persons and entities, if any, that objected to the Settlement.

3. This Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, and the Parties are hereby directed to perform the terms of said Settlement.

4. The Notice provided for in the Preliminary Order constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process.

5. This Court hereby dismisses the Action against the Defendants with prejudice and without costs to Defendants, except as otherwise provided in paragraph 8 below.

6. Upon the Effective Date, Plaintiffs, Defendants and Current Actel Shareholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons.

7. Upon the Effective Date, Plaintiffs, Defendants and each of the Current Actel Shareholders, are hereby forever restrained and enjoined from prosecuting, pursuing, or litigating any of the Released Claims in this or any other forum against the Released Persons.

8. The Court hereby approves an award of Plaintiffs' Counsel's Fees and Expenses in the amount of $ 1,215,961.69 . Actel and/or its insurers are directed to pay to Plaintiffs' Counsel the Fees and Expenses in accordance with the terms of the Stipulation. The Individual Defendants shall not be liable to pay Plaintiffs' Counsel's Fees and Expenses, or any other payment in connection with this Settlement. The Court attaches a separate order addressing the fees.

9. This Order and Final Judgment, the Stipulation, all exhibits thereto, and any and all negotiations, papers, writings, statements and/or proceedings related to the Settlement are not, and shall not in any way be used or construed as (a) an admission, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Individual Defendants; or (b) an admission of, or evidence of, any fault or omission of any of the Individual Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or

this Order and Final Judgment, except that the Defendants may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, including effectuating the release of claims in related proceedings, and all parties hereto submit to the jurisdiction of the Court for the purposes of implementing and enforcing the Settlement embodied in the Stipulation.

11. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, including effectuating the release of claims in related proceedings, this Order and Final Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

12. During the course of the litigation of the Action, all Parties and their counsel acted in good faith, and complied with Rule 11 of the Federal Rules of Civil Procedure and comparable state law and rules of professional responsibility.

13. There is no reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The Clerk shall close this file.

DATED: July 7, 2008

_____
THE HONORABLE JAMES WARE
UNITED STATES DISTRICT COURT JUDGE